■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOE LOUIS HOWARD, Appellant.— Case held and decision reserved, pending remission of case to Monroe County Court for a *Huntley* hearing to determine the volun-

tariness of defendant's statement made to Mr. Foley on April 19, 1964. Memorandum: Mr. Foley was defendant's former employer, and it was in his premises that the alleged murder occurred. On the direct examination of the witness Foley upon the trial the District Attorney asked if he had a conversation with the defendant in the presence of the Sheriff and others at the premises on the afternoon of April 19, 1964, and he answered " Yes ". The District Attorney then asked in substance what was said. Defendant's attorney objected to the question upon the ground " that there was a coercive atmosphere present at that time". The objection was overruled, and the witness was permitted to answer that he asked defendant why he had done it, and that defendant said " I don't know, I can't understand it". Although admissions to a private citizen may well stand on a different footing from admissions to police officers (see *People* v. *Gunner,* 15 N Y 2d 226, 231; *People* v. *Horman,* 29 A D 2d 569), we believe that the evidence with respect to defendant's mental capacity and the fact that the statement was made by him at the time he was being interrogated by the police, present a question as to the voluntariness of the statement, which was preserved for review by defendant's objection. Defendant was entitled then to have the court interrupt the trial before the jury and conduct a *Huntley* hearing to determine preliminarily the voluntariness of defendant's statement which, if found voluntary, could then properly have been presented upon the continuance of the trial before the jury. Accordingly, we remand to the court below to conduct such *Huntley* hearing to determine the question of voluntariness, giving consideration to his mental capacity and any alleged coercive influence; and the appeal is held pending the determination by the trial judge of the question of voluntariness of defendant's said statement. (Appeal from judgment of Monroe County Court convicting defendant of murder, first degree.) Present — Goldman, J. P., Del Vecchio, Marsh, Witmer and Henry, JJ.